# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| DERRICK MICHAEL STANBERRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-cv-00144-KOB-SGC |
| ) | |
| STATE OF ALABAMA, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

The magistrate judge filed a report on October 1, 2018, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 25). The plaintiff filed objections to the report and recommendation. (Doc. 28). He has also filed a notice of appeal pursuant to Rule 4 of the *Federal Rules of Appellate Procedure* (doc. 30); a motion for composition of the record on appeal (doc. 32); and a request for a court order directing the Clerk to furnish him with copies of his amended complaint and motion to vacate (doc. 31). The court will address each of these submissions in turn.

In his objections, the plaintiff restates his claims that lawmakers drafted the Alabama Constitution and the Alabama Criminal Code to discriminate on the basis of race in violation of 42 U.S.C. §§ 1981 and 1983. (*Id*.). The plaintiff does not

object to the magistrate judge's conclusion that his claims against the State of Alabama are barred by Eleventh Amendment immunity. (*Id.*). However, he argues his § 1981 and § 1983 claims against Governor Ivey are not subject to dismissal. (*Id.* at 2, 4).

Section 1981 prohibits discrimination based on race in connection with the performance of a contract. *See* 42 U.S.C. § 1981; *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 450 (2008). It does not provide a cause of action against a state actor. *See Butts v. County of Volusia*, 222 F.3d 891, 892-94 (11th Cir. 2000). The plaintiff has not alleged he was discriminated against based on race in the making or enforcement of a contract. Rather, he argues, without citation to supporting authority, that applying § 1981 only to contracts is "arbitrary." (Doc. 28 at 2). The plaintiff's § 1981 claims are due to be dismissed because the plaintiff has not shown he has been discriminated against based on race in connection with the performance of a contract or that such claims can proceed against Governor Ivey.

Next, the plaintiff contends the Alabama Constitution and the Alabama Criminal Code violate his right to equal protection under the Fourteenth Amendment. (Doc. 28 at 2). The plaintiff argues the 1901 Alabama Constitution was enacted with discriminatory intent and the entire Constitution and Alabama Criminal Code are null and void as a result. (*Id.* at 2-3).

In *Underwood v. Hunter*, 471 U.S. 222, 233 (1985), the United States Supreme Court struck down a disenfranchising provision of the Alabama Constitution based in part on the racial animus underlying the adoption of the 1901 Alabama Constitution. But, the Court did not strike down the entire 1901 Alabama Constitution. This lower court refuses to do what the Supreme Court of the land did not do.

Further, the plaintiff fails to demonstrate that the specific Alabama Criminal Code sections under which he was convicted and sentenced are constitutionally infirm, facially or as applied. Indeed, the plaintiff fails to show he is similarly situated with other persons who received more favorable treatment and that the reason for the differential treatment was based on race. *See Jones v. Ray*, 279 F.3d 944, 946-47 (11th Cir. 2001). Accordingly, the plaintiff's equal protection claims are also due to be dismissed.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the plaintiff's objections, the court ADOPTS the magistrate judge's report and ACCEPTS her recommendation. Therefore, in accordance with 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

The plaintiff's notice of appeal (doc. 30), filed before the entry of this Memorandum Opinion and accompanying Final Order, was premature. Pursuant to Fed. R. App. P. 4(a)(2), the court deems the notice of appeal filed on the date of this Memorandum Opinion and Final Order. When the record is complete, the court DIRECTS the Clerk to forward the record to the court of appeals pursuant to Fed. R. App. P. 11. As such, the court finds the plaintiff's "Motion for Composition of the Record on Appeal" (doc. 32) MOOT.

In response to a prior request for copies of the amended complaint and motion to vacate, the magistrate judge advised the plaintiff by an order dated May 24, 2018, that he would first be required to send the Clerk $17.50 to cover the cost of copying the documents. (Doc. 18). On January 9, 2019, the court received from the plaintiff $18.00, which was docketed as a partial filing fee. The transaction report for the plaintiff's prison or jail trust account, attached to his presently pending request for copies, makes clear the plaintiff intended to remit this sum to cover the cost of copying the requested documents. (Doc. 31 at 2). The court DIRECTS the Clerk to send copies of the amended complaint (doc. 16) and motion to vacate (doc. 14) to the plaintiff. The plaintiff is **ADVISED** any future check or money order submitted as payment for copies must be clearly marked "Case No. 4:18-cv-00144-KOB-SGC, **For Copies**."

The court will enter a separate Final Order.

DONE and ORDERED this 25th day of April, 2019.

_____
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE